**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL AMMANN,<br><br>Plaintiff,<br><br>v.<br><br>MARKEL INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:25-cv-1465<br><br>Judge J. Philip Calabrese<br><br>Magistrate Judge<br>Jennifer Dowdell Armstrong |

## OPINION AND ORDER

Plaintiff Michael Ammann, proceeding without a lawyer, brings this action to enforce an arbitration award and final State court judgment in favor of non-party Prop4 LLC, of which he is a member. Mr. Ammann does so following Prop4's assignment of its interest in the judgment to himself. Defendant moves for judgment on the pleadings. For the following reasons, the Court **GRANTS** that motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Taking the facts alleged in the complaint as true and construing them in Plaintiffs' favor, as the Court must in the current procedural posture, the complaint alleges the following facts.

Defendant Markel Insurance Company issued a commercial general liability insurance policy to non-party Step Above Construction LLC, which was effective from March 15, 2024 to March 15, 2025. (ECF No. 1, ¶ 5, PageID #2; *see* ECF No. 1-2; ECF No. 14, PageID #80–142.) During the coverage term, Step Above Construction

performed negligent and incomplete construction work for non-party Prop4, LLC. (*Id.*, ¶ 7.) The issue of the negligent and incomplete construction went to arbitration. (*Id.*, ¶ 8.) On January 21, 2025, the arbitrator found in favor of Prop4 and awarded damages solely for negligence. (*Id.*) On June 11, 2025, the Cuyahoga County Court of Common Pleas entered final judgment in favor of Prop4 and against Step Above Construction and Anthony Layton. (*Id.*, ¶ 9, PageID #2; ECF No. 1-1, PageID #5–7.)

Following the entry of final judgment, Prop4 assigned its interest in the judgement to Plaintiff Michael Ammann. (*Id.*, PageID #1, ECF No. 16-1.) The assignment bears a single signature, that of Mr. Ammann as a member of Prop4, and recites that Prop4 received unspecified "good and valuable consideration" in exchange. (ECF No. 16-1, PageID #165.) Following the assignment, Mr. Ammann submitted the judgment and related material to Markel Insurance and requested payment three separate times. (*Id.*, ¶ 11.) Markel Insurance denied payment each time. (*Id.*, ¶ 12.) Instead, Markel Insurance requested post-judgment discovery and related litigation documents. (*Id.*)

Now, Plaintiff brings this action asserting three causes of action against Defendant Markel Insurance Company: (1) bad faith denial of coverage; (2) declaratory relief; and (3) breach of contract. (*Id.* ¶¶ 13–24, PageID #2–3.) Specifically, Plaintiff alleges that Markel Insurance failed to conduct a good faith investigation into coverage and refused to indemnify Step Above Construction and pay the final judgment. (*Id.*, ¶ 13, PageID #2.)

In response, Defendant Markel Insurance moves to amend its answer (ECF No. 14) and for judgment on the pleadings. (ECF No. 15.) In doing so, Defendant argues that Plaintiff does not have standing to assert his claims. (ECF No. 15, PageID #148–51.) Specifically, Defendant argues that Plaintiff cannot bring a direct action against it because Prop4, not Plaintiff, was involved in the underlying dispute and arbitration giving rise to this case. (ECF No. 15, PageID #148–49.) Also, Defendant argues that Plaintiff cannot proceed *pro se* in attempting to pursue a claim on behalf of a limited liability company, namely Prop4. (*Id.*, PageID #149–51.) Defendant argues that Plaintiff's inability to represent Prop4 *pro se* suffices to dismiss this case in its entirety. (ECF No. 18, PageID #170.) Plaintiff claims standing based on the assignment to him of the rights in the judgment. (ECF No. 16, PageID #159.)

## JURISDICTION

Because federal courts are courts of limited jurisdiction, the Court has an independent obligation to ensure that it possesses jurisdiction before proceeding. *See, e.g., Nikolao v. Lyon*, 875 F.3d 310, 315 (6th Cir. 2017) (citations and quotations omitted). Accordingly, the Court begins with the jurisdictional question whether Plaintiff has standing to pursue his claims.

### I. Ability to Proceed *Pro Se*

Section 1654 governs appearances before a federal court, which allows an individual to "plead and conduct their own cases personally." 28 U.S.C. § 1654. While the statute allows individuals to represent themselves in federal court, it does not allow an individual to proceed on behalf of a corporation. *Doherty v. American Motors*

*Corp.*, 728 F.3d 334, 340 (6th Cir. 1984). Indeed, it is well established that a corporation may appear in federal court only through licensed counsel and may not proceed *pro se* through an officer, director, member, or other nonlawyer representative, because a corporation is a distinct legal entity that lacks the capacity for self-representation. *United States v. 9.19 Acres of Land, More or Less, in Marquette Cnty., Mich.*, 416 F.2d 1244, 1245 (6th Cir. 1969) (holding that licensed counsel must represent a corporation under 28 U.S.C. § 1654.)

Additionally, the Sixth Circuit has consistently interpreted federal procedures as prohibiting a *pro se* litigant from asserting the rights of others. *Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018). Courts recognize that a failure to comply with this requirement creates a lack of standing. *Prakash v. Altadis U.S.A. Inc.*, No. 5:10-cv-0033, 2012 WL 1109918, at *7 (N.D. Ohio Mar. 30, 2012) (dismissing claims belonging to a corporation because the *pro se* plaintiff could not assert them on behalf of the entity); *Mercu-Ray Indus., Inc. v. Bristol-Myers Co.*, 392 F. Supp. 16, 18 (S.D.N.Y. 1974), *aff'd* 508 F.2d 837 (2d Cir. 1974).

As a *pro se* litigant, Mr. Ammann cannot proceed on behalf of Prop4. To circumvent this requirement, Plaintiff argues that he has standing because Prop4 assigned to him the rights in the judgment. (ECF No. 16, PageID #159.) In other words, Plaintiff argues that he represents himself, not Prop4, because the assignment made the claims his personal property and vests the claims in him individually. (*Id.*, PageID #160.) Therefore, the Court analyzes whether the assignment of rights

embodied in the judgment cures the jurisdictional bar for Plaintiff to bring the complaint without counsel.

## II. Assignment of the Judgment

An assignment cannot be used to circumvent federal procedural requirements, including that a corporation must be represented by counsel. *Bischoff v. Waldorf*, 660 F. Supp. 2d 815, 820 (E.D. Mich. 2009) (collecting cases that restrict the use of an assignment to evade the restriction on *pro se* representation of a corporation); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385–386 (11th Cir. 1985); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 23 (2d Cir. 1983); *Mercu-Ray Indus.*, 392 F. Supp. at 18, *aff'd* 508 F.2d 837 (2d Cir. 1974).

Plaintiff attempts to do just that. He asserts that he can bring the claims solely on his own behalf because Prop4 assigned its interest in the State court judgment to him. But this assignment, even if valid, cannot obviate the well-established rule that a corporation must be represented by counsel. *See Bischoff*, 660 F. Supp. 2d at 821 (holding that a valid assignment cannot allow an assignee of a corporation to appear *pro se*). But the Court has grave doubts about the validity of the assignment. After all, on its face, it bears a single signature—that of Mr. Ammann purportedly on behalf of Prop4—and lacks any indicia of consideration for the assignment (other than a self-serving, conclusory recital). (ECF No. 16-1.) Allowing Plaintiff to appear *pro se* in an attempt to collect a judgment in favor of Prop4—not him—would authorize him to evade the prohibition against allowing a corporation (or a limited liability company in this case) to represent itself in federal court.

A corporation must pursue its own interests through counsel. *See Ginger v. Cohn,* 426 F.2d 1385, 1386 (6th Cir. 1970). Accordingly, the Court finds that the assignment does not cure the jurisdictional bar for Plaintiff to pursue this action without a lawyer.

## III. Use of Artificial Intelligence

The Court addresses one last issue: Mr. Ammann's use of artificial intelligence in briefing submitted to the Court. In opposing Defendant's motion for judgment on the pleadings, Plaintiff included the following sentence and citation: "Bad faith claims are assignable under Ohio law. Pilch v. Dept. of Human Servs., 66 Ohio St.3d 201, 204, 611 N.E.2d 298 (1993) (tort claims assignable if they survive under R.C. 2305.21)." (ECF No. 16, PageID #160.) That citation to the Ohio State Reports is for *Jamison v. Society National Bank*, 66 Ohio St. 3d 201, 611 N.E.2d 307 (1993). Nor does it appear at page 298 of the North Eastern Reporter. *Jamison* does not involve the assignment of tort claims. Instead, it holds that a bank may satisfy a loan from a certificate of deposit used as collateral where the borrower dies. 66 Ohio St. 3d at paragraphs one, two, and three of the syllabus. It does cite the definition of a negotiable instrument in the Ohio Revised Code, which includes "any other writing which evidences a right to the payment of money and is not itself a security agreement or lease and is of a type which is in ordinary course of business transferred by delivery with any necessary indorsement or assignment." *Id.* at 206. Otherwise, *Jamison* does not mention assignments. And the Court has not located any case—from the Ohio Supreme Court or otherwise—with the caption *Pilch v. Department of Human Services*. Defendant did not either. (ECF No. 18, PageID #170 & n.3.) Based

on its review, it appears that Plaintiff used artificial intelligence in drafting his opposition because it cites a nonexistent, hallucinated case.

Artificial intelligence has the potential to serve as an important tool to provide access to the courts for those who cannot afford counsel. Like all technology tools, it comes with limitations, risks, and tradeoffs. By now, the problem of hallucinations in legal filings is well known and a common occurrence. Anyone who appears in Court, whether represented by counsel or not, is subject to Rule 11. Under Rule 11, "by presenting to the court a pleading, written motion, or other paper," the signatory to that filing makes certain representations to the Court. Fed. R. Civ. P. 11(b)(2). Specifically, an "unrepresented party certifies that to the best of the person's knowledge, information, and belief," formed after a reasonable inquiry, his "legal contentions are warranted by existing law." *Id.*

It does not appear that Plaintiff has complied with Rule 11. Ordinarily, this behavior would subject him to sanctions. Fed. R. Civ. P. 11(c). Indeed, the Court has not hesitated to impose sanctions for Rule 11 violations in the past. *See, e.g., Metron Nutraceuticals, LLC v. Cook*, 550 F. Supp. 3d 484 (N.D. Ohio 2021). And the Court previously warned that it would sanction any *pro se* litigant whose reliance on artificial intelligence resulted in the submission of hallucinated authorities. *See Nixon v. Ken Ganley Ford West*, 798 F. Supp. 3d 770, 778 (N.D. Ohio 2025). Ironically, artificial intelligence appears not to have identified this important prior ruling even as it created non-existent authority.

Before taking the serious step of imposing sanctions, due process generally requires notice and an opportunity to be heard. Because the Court determines that it lacks jurisdiction, the Court exercises its discretion to defer any such proceedings and declines to take them up for now because the case is at an end and Mr. Ammann resides in Texas. In doing so, the Court again provides notice to Plaintiff—and to others, lawyer or not, who might make this same mistake. Relying on artificial intelligence, generative or otherwise, or citing authorities that do not, in fact, exist subjects a person to sanctions under Rule 11.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion for judgment on the pleadings (ECF No. 15). Because the Court dismisses the action, the Court **DENIES AS MOOT** Defendant's motion for leave to amend its answer (ECF No. 14).

**SO ORDERED.**

Dated: July 16, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio